| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO | DATE FILED: September 17, 2013 6:39 PM<br>FILING ID: 3FAA6F2F14544<br>CASE NUMBER: 2013CV30188 |
| Court address:  109 8th Street, Suite 104<br>                        Glenwood Springs, Colorado 81601 | |

WALTER TRUSTRUM ARMSTRONG III,

       Plaintiff,

v.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION,

       Defendant.

| | |
|---|---|
| Attorney:   W. Jeffrey Barnes<br>             W.J. Barnes, P.A.<br>             California office:<br>             9350 Wilshire Boulevard, Suite 308<br>             Beverly Hills, California 90212<br>             Telephone: (310) 275-5150<br>             Fax: (310) 275-5157<br>             e-mail: jeff@wjbarneslaw.com<br>             Colorado Attorney Reg. No. 19646 | COURT USE ONLY<br><br>Case Number: 13 CV |

## COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF

Walter Trustrum Armstrong III (hereafter "Mr. Armstrong"), through his undersigned counsel, files and serves this Complaint to Quiet Title and for Declaratory Relief as to certain residential real property and sues Defendant JPMorgan Chase Bank, National Association (hereafter "JPM" or "Defendant"), and states:

A. <u>Introduction, Parties, and Jurisdiction</u>

    1.   This is an action which is brought pursuant to CRCP 105(a) for the purpose of obtaining a complete adjudication of the rights of the parties with respect to the residential real property identified *infra*. Pursuant to CRCP 105(a), this Court has jurisdiction to enter a decree to



EXHIBIT A

grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties and, after the entry of any decree, to enter further orders as may be required in aid of the decree.

2. Pursuant to CRCP 105(b), other than Plaintiff and any government easements of record, the Defendant is the only party which has claimed an interest in the residential real property identified herein *infra* which claimed interest has been recorded in the office of the recorder of Garfield County, Colorado.

3. Plaintiff is and was at all times material hereto a *sui juris* resident of the State of Colorado who is over the age of eighteen (18) and who is the legal owner of the residential real property described hereinbelow. Plaintiff resides in the property, which is his primary residence.

4. Defendant is and was at all times material hereto a corporation which has its principal place of business in the State of Ohio. Defendant is a mortgage loan servicer and thus a "mortgage company" within the scope of CRS 38-10-124(1)(d), which is a subdivision of the Colorado Credit Agreements Statute of Frauds (hereafter "CCASF").

5. Pursuant to CRCP 105(g), this action pertains to the residential real property legally described as Lots 6 and 7, Block 13, Town of Carbondale, County of Garfield, Colorado, which is property is commonly known as and located at 350 Garfield Avenue, Carbondale, Garfield County, Colorado 81623 (hereafter the "Property").

**B.** Background Material Facts

6. On or about December 12, 2007, Plaintiff executed a Note and Deed of Trust ("DOT") in favor of non-party Stewart Mortgage Services, Inc. of Boulder, Colorado (hereafter "original lender" and/or "SMS"). This transaction shall be referred to the "mortgage loan".

7. SMS is out of business, having previously ceased its business operations in excess of three (3) years prior to the filing of this action.

8. The servicing rights to the loan were transferred from SMS to non-party AmTrust Bank (allegedly) effective February 1, 2009 pursuant to a Notice in the closing package. The service transfer notice does not contain any provision that the actual Note and DOT were transferred to any other party or entity.

9. Defendant previously instituted a CRCP 120 proceeding in which it claimed that it was the "legal holder" of the Note and was the "qualified holder" of the indebtedness pursuant to 38-38-101, C.R.S. pursuant to multiple claimed "Allonges".

10. Following a full evidentiary hearing on the Rule 120 proceeding, this Court entered an Order dated and filed on November 5, 2012 (copy attached and incorporated herein by reference) which denied Defendant's Motion for an Order Authorizing Sale. The Order expressly found that the Allonges were legally insufficient to qualify as endorsements of either the Note or the DOT to the Defendant herein (Movant/Applicant in the Rule 120 proceeding), and that the statutory presumptions of authenticity did not apply.

11. Defendant has failed to file any papers in the office of the recorder of Garfield County, Colorado or otherwise provide any proof of any legal transfer of any interest in either the Note or the DOT from the original lender (the long out-of-business SMS) to the Defendant.

**COUNT I: QUIET TITLE**

12. Plaintiff reaffirms and realleges paragraphs 1 through 11 hereinabove as if set forth more fully hereinbelow.

13. In view of the matters above and as a result of the prior express findings of this Court, Defendant is not a "creditor" of Plaintiff, and Defendant has no valid lien against the Property.

14. Notwithstanding the express finding of this Court that there was no evidence of any legal transfer of any interest in the Note or the DOT to Defendant (which results in the Defendant not being a creditor of Plaintiff), Defendant has failed to remove its claimed lien from the public records.

15. CRS sec. 38-10-124(2) (the Colorado Credit Agreement Statute of Frauds, or "CCASF") expressly provides that notwithstanding any statutory or case law to the contrary, no creditor may file or maintain an action or claim relating to a credit agreement involving a principal amount in excess of $25,000.00 unless the credit agreement is in writing signed by the party against whom enforcement is sought. The principal amount of the mortgage loan was in excess of $25,000.00.

16. CRS sec. 38-10-124(1)(a)(1) provides that a credit agreement is a contract, promise, offer, or commitment to lend, borrow, repay, or forbear repayment of money, to otherwise extend or receive credit, or to make any financial accommodation.

17. CRS sec. 38-10-142(1)(d) provides that banks and mortgage companies are subject to the CCASF.

18. The CCASF also bars implied agreements and claims notwithstanding the absence of a borrower-lender relationship between the parties. As set forth above, there is no "borrower-lender" relationship between Plaintiff and Defendant, and Defendant is not a "creditor" of Plaintiff.

19. As Plaintiff never executed a credit agreement with Defendant; as Defendant is not a creditor of Plaintiff; as Defendant has no legal authority to attempt to enforce a credit agreement between Plaintiff and the out-of-business SMS; and as Defendant has filed a claim of lien in the public records which has not been removed, the attempt by Defendant to claim or maintain a claim of lien against the Property is precluded as a matter of law, warranting extinguishment of Defendant's claimed lien.

20. The lien claimed by Defendant remains on the Property as an encumbrance thereon, resulting in an actual controversy as to the rights of the parties with respect to the Property.

21. Plaintiff requests that this Court enter a decree extinguishing the claimed lien of the Defendant and quieting title to the Property such that Plaintiff has the sole valid interest in ownership of the Property free and clear of the claimed lien of the Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter a decree quieting title to the Property for the reasons set forth herein, and for any other and further relief which is just and proper.

## COUNT II: DECLARATORY RELIEF

22. Plaintiff reaffirms and realleges paragraphs 1 through 11 hereinabove as if set forth more fully hereinbelow.

23. This is an action for declaratory relief which is being brought pursuant to Colorado Rule of Civil Procedure 57 (which incorporates the Colorado Declaratory Judgment Act) to declare that Defendant has no legal or equitable rights in the Note or DOT.

24. Pursuant to CRCP 57(a), this District Court has the power to declare rights, status, and other legal relations whether or not further relief could be claimed. As such, Plaintiff may maintain this claim for Declaratory Relief in addition to his claim for Quiet Title.

25. Pursuant to CRCP 57(b), any person interested under a deed, will, written contract or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

26. CRCP 57(e) provides that the enumeration in preceding sections do not limit or restrict the exercise of the general powers conferred in section (a) of the Rule in any proceedings where declaratory relief is sought in which a judgment or decree will terminate the controversy or remove an uncertainty.

27. CRCP 57(k) provides that the Rule is declared to be remedial and that its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations and is to be liberally construed and administered.

28. Plaintiff and Defendant are "persons" within the meaning and definition of "person" pursuant to CRCP 57.

29. CRCP 57(h) provides that further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. Such further relief is set forth in Plaintiff's claim for Quiet Title hereinabove.

30. CRCP 57(i) provides that when a proceeding under this Rule involves the determination of an issue of fact that such issues may be tried and determined in the same manner as issues of fact are tried and determined in other actions before the court in which the proceeding is pending, with CRCP 57(m) expressly providing that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.

31. In view of the fact that:

    (a)   the Note and DOT were not executed in favor of Defendant; and

    (b)   there is no credit agreement executed by Plaintiff with Defendant; and

    (c)   Defendant is not a "creditor" of Plaintiff and has no legal right to seek to enforce a credit agreement executed between Plaintiff and a third party; and

    (d)   an Order of this Court expressly found that there is no evidence of any lawful transfer of the rights to the Note and DOT from the original lender to any person or party; and

    (e)   Defendant is seeking to maintain a claim of lien against the Property;

there is a true, actual, and present controversy, and Plaintiff is in doubt and is uncertain as to his rights under the Note and DOT contracts and as to his interest in the Property (e.g. whether it is or is not subject to any lien claim of Defendant), and thus Plaintiff is legally entitled, through this action for Declaratory Relief, to have such doubt and uncertainty removed.

32. Pursuant to CRCP 57(h), Plaintiff is entitled to further relief based on this action for a Declaratory Judgment, and Plaintiff has asserted such further relief in Count I of this Complaint for Quiet Title.

WHEREFORE, Plaintiff requests that this Court issue a Declaratory Judgment as follows:

    (a)   that Defendant has no legal interest in the Note or DOT; and

    (b)   that there has been no effective transfer of the full and unencumbered rights under the Note or the DOT to the Defendant; and

    (c)   that the Defendant is not a "creditor" of the Plaintiff; and

    (d)   that the Defendant may not maintain, record, or assert any claim of lien against the Property; and

    (e)   for any other and further relief which is just and proper under the circumstances.

Dated this 16th day of September, 2013.

By:     s/ Jeff Barnes
    (original signed in office)
    W. Jeffrey Barnes, Esq.
    W.J. Barnes, P.A.
    Counsel for Plaintiff

Florida office:
1515 North Federal Highway, Suite 300
Boca Raton, Florida 33432
Telephone: (561) 864-1067

California office:
9350 Wilshire Blvd., Ste.308
Beverly Hills, California 90212
Telephone: (310) 275-5150
Fax: (310) 275-5157
e-mail: jeff@wjbarneslaw.com
Colorado Attorney Reg. No. 19646