IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-02930-RBJ

WALTER TRUSTRUM ARMSTRONG III,

   Plaintiff,

v.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION,

   Defendant.

---

ORDER

---

This case comes before the Court on defendant JPMorgan Chase Bank National Association's ("JPMorgan Chase") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #15]. For the reasons set forth below, the motion is granted.

## BACKGROUND

In December of 2007, the plaintiff obtained a $417,000 mortgage loan (the "note") from Stewart Mortgage Services, Inc. to buy a home located at 350 Garfield Avenue, Carbondale, Garfield County, Colorado 81623. The loan was secured by a deed of trust recorded against the property, and the beneficiary of the trust was Mortgage Electronic Registration Systems, Inc. ("MERS"). On February 1, 2009, Stewart Mortgage assigned the note to AmTrust Bank, which, according to the defendant, then made a blank endorsement of the note and successfully negotiated it to JPMorgan Chase. The plaintiff, Mr. Armstrong, disputes this assertion. On February 28, 2012, MERS executed a Corporate Assignment of Deed of Trust in JPMorgan Chase's name. [Doc. #15-3].

Mr. Armstrong has been in default of the note since January 2010. Chase Home Finance, LLC—presumably a subsidiary of JPMorgan Chase—sent notice of foreclosure and sale by public auction to Mr. Armstrong on March 29, 2010. [Doc. #15-4 at 10]. Chase Home Finance withdrew the foreclosure action on September 14, 2011. [Doc. #15-5 at ¶ 2].

On or around December 3, 2010, Mr. Armstrong filed suit in the District Court of Garfield County in response to the then-pending foreclosure action. In stark parallel to the present case, he sought declaratory judgment that the defendants did not have a right to service the loan, as well as temporary and permanent injunctive relief to remain in the property. [Doc. # 15-4 at 1–9; Case Number 2010CV374].

On December 14, 2010, while his state case was pending, Mr. Armstrong filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court in the District of Colorado. [Doc. #15-6]. In filing this petition, Mr. Armstrong declared under penalty of perjury that the information he provided was true and correct. Mr. Armstrong was represented by counsel in the bankruptcy action.

Mr. Armstrong made three representations in his bankruptcy filings that are material to this motion. First, he alleged that the only proceeding to which he was a party within the year preceding his filing was the foreclosure action instituted by Chase Home Finance. [Doc. #15-6 at 9]. Yet, less than two weeks earlier Mr. Armstrong had filed his action for declaratory judgment against Chase Home Finance. It is unclear why Mr. Armstrong failed to disclose this pending lawsuit on his petition. Second, Mr. Armstrong listed the amount due on his mortgage as a secured claim held by Chase Manhattan Mortgage[1] in the amount of $410,986. [*See* Doc. #15-6 at 12, 14, 19]. The form entitled "Schedule D - Creditors Holding Secured Claims"

---

[1] The court takes judicial notice that Chase Manhattan is a subsidiary of JPMorgan Chase. *See* JPMorgan History – The History of Our Firm, *available at* http://www.jpmorganchase.com/corporate/About-JPMC/jpmorgan-history.

includes an area where a petitioner can mark a secured claim as disputed. [Doc. #15-6 at 19]. However, Mr. Armstrong failed to make any indication that he disputed the claim. *See id.* Finally, in his Statement of Intention, Mr. Armstrong indicated that he intended to retain the encumbered property and reaffirm the debt he owed to Chase Manhattan. [Doc. #15-7]. Once again, it is unclear why he made the latter statement if he actively disputed the claim.

On March 4, 2011, the United States Trustee filed a motion to dismiss the bankruptcy action on the grounds that Mr. Armstrong's disposable income was higher than Mr. Armstrong had estimated such that granting relief would be an abuse of the provisions of Chapter 7. [Doc. #15-14 at 1–3]. Mr. Armstrong did not file any objections. [*See* Doc. #15-15 at 1]. On April 15, 2011, United States Bankruptcy Judge Sidney B. Brooks granted the motion to dismiss. [Doc. #15-15]. The Clerk of the United States Bankruptcy Court closed the case on August 21, 2011. [Doc. #15-16].

In June of 2012, JPMorgan Chase filed a Rule 120 motion in the District Court of Garfield County seeking authorization to sell the encumbered property. The court denied the motion on November 5, 2012, finding that JPMorgan Chase had not carried its burden of proving that it held an enforceable note. [Doc. #15-20]. That decision seems to have prompted this lawsuit.

In his Complaint, Mr. Armstrong argues that JPMorgan Chase does not have valid claim to the note and cannot, in turn, foreclose upon the encumbered property. Mr. Armstrong heavily relies upon the denial of the Rule 120 motion in seeking (1) declaratory judgment that JPMorgan Chase has no interest in the note, and (2) quiet title to the property.

JPMorgan Chase seeks to dismiss the action on a number of grounds. First, it argues that Mr. Armstrong lacks standing to bring this action because he failed to list this claim in a prior

Chapter 7 bankruptcy filing. Second, it contends that Mr. Armstrong's request for declaratory judgment should be dismissed because JPMorgan Chase is the valid note holder. Finally, it argues that the quiet title claim should be dismissed because Mr. Armstrong fails to sufficiently plead a claim for quiet title.

The first and third arguments are ripe for review at this time. The second argument goes to the merits of the action and cannot be considered at the motion to dismiss stage. Further, the defendant asks that the Court dismiss the claim with prejudice should it find that Mr. Armstrong lacks standing to sue.

## ANALYSIS

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow*, 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). In addition, Fed. R. Evid. 201 allows a court to take judicial notice of an adjudicative fact not reasonably subject to dispute if it "can be accurately and readily

4

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  The court may take judicial notice of the fact at any stage of the pleadings, and can do so on its own or at the request of one of the parties.  Fed. R. Evid. 201(c)–(d).

Defendant JPMorgan Chase, through its counsel, has submitted 179 pages of attached exhibits to its motion to dismiss.  Some of these documents are referred to in the Complaint, such as the signed note and its subsequent transfers.  The Court can consider these documents at the dismissal stage because they are central to the plaintiff's claim and neither party disputes their authenticity.  However, other documents central to JPMorgan Chase's motion to dismiss are not referenced in the Complaint.  Most prominently are the Chapter 7 bankruptcy filings [Docs. #15-6–15-16] and the plaintiff's suit for declaratory judgment and injunctive relief filed in December of 2010 [Docs. #15-4–15-5].  Though these documents are not referenced in the Complaint, the Court takes judicial notice of their contents under Fed. R. Evid. 201.

Standing

When a debtor files a petition under Chapter 7 of the Bankruptcy Code, he must file schedules listing all assets and liabilities—including all legal or equitable interests in the property—at the commencement of the action.  *See* 11 U.S.C. § 521(a)(1)(B)(i); *id.* at § 541(a)(1).  Once a petition for bankruptcy is filed, any pending or potential claims against third parties become property of the bankruptcy estate and are enforceable only by the Chapter 7 trustee.  *See id.* at § 323; *id.* at § 541.  When the bankruptcy action is closed, any properly scheduled assets not otherwise administered revert to the debtor through abandonment.  *Id.* at § 554(c).  However, assets not properly scheduled remain property of the bankruptcy estate.  *See id.* at § 554(d).  "As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name."  *Clark v. Trailiner Corp.*, 242 F.3d 388, at *1 (10th Cir. 2000) (unpublished).

The debtor thereafter lacks standing to bring those claims. *See In re Semadeni*, 489 B.R. 576, 585 (Bankr. D. Colo. 2013).

The dispositive question is whether Mr. Armstrong's present claims were pending or potential claims when he filed his bankruptcy petition.[2] JPMorgan Chase contends that the claims were already pending because Mr. Armstrong had filed a case against Chase Home Finance in which he asserted the same claims as he does in this case, and he did so only a week or so before filing his bankruptcy petition. Mr. Armstrong argues that the present claims were not pending or potential claims at the time he filed his bankruptcy action. They instead arose on November 5, 2012 when the Garfield County District Court denied JPMorgan Chase's Rule 120 motion.

The Court is persuaded that the claims were pending at the time Mr. Armstrong filed his bankruptcy petition. The complaint that Mr. Armstrong filed on or around December 3, 2010 against MERS and Chase Home Finance practically mirrors the complaint in this action. [*Compare* Doc. #15-4 *with* Doc. #3]. In the earlier action, Mr. Armstrong claimed that the defendants were not valid beneficiaries of the mortgage loan or proper note holders and therefore could not enforce the note against him. [Doc. #15-4 at ¶¶ 12–21]. He makes the same claims here. [Doc. #3 at ¶¶ 8–19]. The similarities between these actions strongly support the defendant's argument that Mr. Armstrong's present claims were pending when he commenced his bankruptcy action and therefore should have been listed in his schedules.

In regards to Mr. Armstrong's argument, a court's order denying a Rule 120 motion is not a final, appealable order. Colo. R. Civ. P. 120(d). In fact, it is made without prejudice to the rights of the parties and has no preclusive effect. *Id.* Its only purpose is to judicially authorize a sale of encumbered property. The ruling on a Rule 120 motion does not create a new cause of

---

[2] There is no dispute that the claims were not listed in the schedules.

action for the successful party, or at least does not do so in this case.  Mr. Armstrong's reliance on the denial of the motion as a skeleton key is misplaced: it does not grant him the right to open doors and raise claims shut by his intervening bankruptcy action.

The Court finds that Mr. Armstrong lacks standing to bring this suit because he failed to list these pending claims in his bankruptcy petition, thereby forfeiting the right to bring the claims now that the bankruptcy action is closed.  This problem could have been avoided had Mr. Armstrong listed his pending action against Chase Home Finance in his petition.  However, his failure to do so bars this action and his claims remain property of the bankruptcy estate.  The Court agrees that this defect supports dismissal with prejudice.

Judicial Admissions

In the alternative, the Court finds sua sponte that Mr. Armstrong is barred from seeking declaratory judgment against JPMorgan Chase after asserting under penalty of perjury that Chase Manhattan was the undisputed secured creditor of the note and that he still owed over $410,000 on it.

"A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute."  *Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo. 1986).  If the admissions are unequivocal, they are "binding on the party who makes them, are evidence against such party, and may furnish the basis for a verdict."  *Salazar v. Am. Sterilizer Co.*, 5 P.3d 357, 365 (Colo. Ct. App. 2000).

In this case, Mr. Armstrong made a formal, deliberate declaration that Chase Manhattan was the secured creditor of his mortgage loan and that he did not dispute its claim to the note.  Presumably, the purpose of making this statement was to dispense with proof of the formal

matter and seek a discharge of his debt under bankruptcy.  The statement therefore constitutes a judicial admission, which the Court will not ignore for purposes of the present action, as it directly contradicts the pleadings.  The Court finds that, in the alternative, Mr. Armstrong is barred from asserting his claim for declaratory judgment under the doctrine of judicial admission.

### Quiet Title

Quiet title actions are governed by Colorado Rule of Civil Procedure 105, which authorizes "[a]n action . . . brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession."  *Hinojos v. Lohmann*, 182 P.3d 692, 696–97 (Colo. Ct. App. 2008) (citing C.R.C.P. 105(a)).  The plaintiff "bears the burden of establishing title in the property superior to that of the defendant."  *Hutson v. Agric. Ditch & Reservoir Co.*, 723 P.2d 736, 738 (Colo. 1986).  The plaintiff "may not capitalize on the weakness of the defendant's claim to title, but can succeed only by establishing the strength of his or her own claim to title."  *Hinojos*, 182 P.3d at 697.

Mr. Armstrong asserts that he has a right to quiet title of the encumbered property.  However, he bases his claim solely on the weaknesses of the defendant's claim to its lien.  Mr. Armstrong alleges no facts that would establish that he has superior title in the property.  This omission mandates dismissal of the cause of action for failure to state a claim upon which relief can be granted.

## CONCLUSION

The Court finds that Mr. Armstrong lacks standing to sue.  In the alternative, the Court finds that Mr. Armstrong's claim for declaratory judgment warrants dismissal under the judicial

admission doctrine, and that his claim for quiet title must be dismissed for insufficient pleadings under the *Twombly* standard.

# ORDER

Defendant JPMorgan Chase's Motion to Dismiss [Doc. #15] is GRANTED with prejudice. Defendant is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 7th day of April, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge